UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                   )
                              )
           Plaintiff,         )
                              )
    v.                        )   CIVIL ACTION NO. EP-01-CA-0188-EP
                              )
WAL-MART STORES, INC. d/b/a   )
WAL-MART DISTRIBUTION CENTER  )
#6012; WAL-MART STORES, INC., )
           Defendants.        )
_____)

## CONSENT DECREE

The United States Equal Employment Opportunity Commission (the "Commission" or "EEOC") filed this action against the Defendants, Wal-Mart Stores Inc. d/b/a Wal-Mart Distribution Center #6012, Wal-Mart Stores, Inc. ("Wal-Mart") to enforce Title I of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("the ADA") and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint alleges that Wal-Mart discriminated against Christopher Gonzales by failing to hire him because of his disability. The Commission's Complaint seeks to recover backpay, front pay, compensatory damages, punitive damages and injunctive relief.

As a result of the parties having engaged in settlement negotiations, the parties agreed that this action should be finally resolved by entry of this Consent Decree. This case and twelve other ADA cases brought by the EEOC against Wal-Mart are being settled by separate consent decrees in conjunction with the settlement of EEOC V Wal-Mart Stores, Inc., Civil Action No. S99-0414 GEB DAD (E.D. Cal.) (the "California Decree"), which includes nationwide equitable relief. This Consent Decree was entered into by the parties as an amicable way of resolving all outstanding

differences that may have existed in this case. This Consent Decree is intended and does fully and finally resolve any and all claims arising out of the Complaint filed by the EEOC.

The parties do not object to the jurisdiction of the Court over this action and waive a hearing and the Entry of Findings of Fact and Conclusions of Law.

It is **ORDERED, ADJUDGED AND DECREED:**

Having examined the terms and provisions of this Consent Decree and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

1. This Consent Decree resolves all claims arising out of the issues between the Commission and Wal-Mart in this lawsuit, including, without limitation, back pay, front pay, compensatory and punitive damages, injunctive relief, costs, and attorneys' fees.

2. The Court has jurisdiction of the subject matter of this action and of the parties.

3. The terms and provisions of this Consent Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties are adequately protected by this Consent Decree.

4. This Consent Decree conforms with the Federal Rules of Civil Procedure and the ADA and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of the ADA and will be in the best interests of Wal-Mart, the Commission, and the public.

I. NON-DISCRIMINATION

5. In all matters arising from or relating to employment, Wal-Mart and its officers, agents, employees, successors, and assigns, and all of those in active concert or participation with

them, or any of them, shall not engage in any employment practice which unlawfully discriminates against an employee or applicant under the Americans with Disabilities Act. Prohibited discrimination includes, but is not limited to:

    a. refusing to hire or rehire a qualified individual with a disability because of his/her disability;

    b. refusing to provide a reasonable accommodation to a qualified individual with a disability;

    c. discharging a qualified individual with a disability because of his/her disability;

    d. maintaining any practice or policy that violates the ADA by depriving or tending to deprive any individual of employment opportunities because of such individual's disability;

    e. discriminating against persons on the basis of their disabilities in the terms and conditions of their employment; and,

    f. making disability related pre-employment inquiries.

## II. NON-RETALIATION

6. Wal-Mart, its officers, agents, employees, successors, assigns, and all those in active concert or participation with them, or any of them, shall not engage in reprisal or retaliation of any kind against Mr. Gonzales or any person because such person:

    a. opposed any practice made unlawful under the ADA;

    b. filed a charge of discrimination with the Commission or a state agency or testified or participated in any manner in any investigation, proceeding, or

        hearing under the ADA;

c.    requested and/or received relief in accordance with this Consent Decree;

d.    participated in any manner in this action or in the investigation giving rise to this action; or

e.    asserted any rights under this Consent Decree.

### III. MONETARY RELIEF

7.    Within fifteen (15) days after this Consent Decree is approved by the Court, Wal-Mart shall make payment in the form of a business check made payable to Christopher Gonzales at the address provided by the EEOC, and will send a copy of the check to Robert Harwin, Regional Attorney, 5410 Fredericksburg Road, Suite 200, San Antonio, TX 78229. The check will be made payable to Christopher Gonzales in the gross amount of $ 108,471.57, including:

a    $ 4,027.17 for back pay, less only any applicable deductions for the employee's portion of FICA and applicable federal and state income tax withholdings; and,

b.    $ 104,444.40 for compensatory damages.

Wal-Mart shall be responsible for reporting the amount paid to the Internal Revenue Service and shall be responsible for paying the employer's share of FUTA and FICA on any amounts designated as backpay. Wal-Mart will issue a United States Internal Revenue Service Form 1099 to Mr. Gonzalez for the amounts designated as compensatory damages.

### IV. EMPLOYMENT PRACTICES AND TRAINING

8.    As outlined above, the parties to this Consent Decree have agreed to the entry of the

California Decree to resolve certain nationwide issues. In the California Decree, the parties agreed that Wal-Mart would not engage in any employment practice which violates the ADA, not retaliate against any person who exercises rights under the ADA, make monetary payments to individuals adversely affected by Wal-Mart's disability related inquiries before job offers were made, establish an ADA Coordinator position, revise its ADA Policies and Procedures, establish Reasonable Accommodation Procedures, appoint a Special Master, abolish the Matrix of Essential Job Functions within six months, post notices nationwide, include an ADA component in its periodic personnel audits, include ADA compliance in managers' and applicable human resource associates' performance evaluations, maintain employee record information, and make annual reports to the EEOC and the Special Master concerning its compliance with the Consent Decree and the ADA.

In the California Decree, the parties also agreed that Wal-Mart will provide nationwide training to all managers, supervisors and people involved in hiring committees concerning the requirements of the ADA. The training will include: an interactive component; an overview of the ADA; Wal-Mart's obligations under the ADA; applicant and employee rights under the ADA; non-discrimination in hiring and recruitment; reasonable accommodation in the application and hiring process; procedures for addressing reasonable accommodation requests in the application and hiring process; examples of accommodations in the application and hiring process for people with disabilities, including people who are deaf or hearing impaired; awareness of issues affecting employees and applicants who have disabilities; that any decision about undue hardship in the provision of a reasonable accommodation shall be made by the ADA Coordinator; Wal-Mart's commitment to meeting the requirements of the ADA; and, Wal-Mart's commitment to engage in the interactive process required by the ADA for qualified individuals with disabilities to determine

5

an appropriate accommodation at the time a potential employee applies for a position with Wal-Mart, after Wal-Mart hires an employee, and during an employee's period of employment with Wal-Mart.

The parties agree and understand that any issue related to Wal-Mart's compliance with the provisions of the California Decree shall be decided by the California Court.

## V. POSTING OF NOTICE

9. Within thirty (30) days of the entry of this Decree, Wal-Mart will post the Notice attached as Exhibit A in the Plainview, Texas Distribution Center. The Notice will be posted in the same approximate locations as the other labor and employment postings for the duration of this Consent Decree. The Notice shall be the same type, size, and style as Exhibit "A".

## VI. COMPLIANCE

10. In the event that the Commission believes that Wal-Mart has failed to comply with any provisions(s) of the Consent Decree, it shall:

a. notify Wal-Mart in writing of the alleged non-compliance by fax and by overnight mail to the individual who signs this Consent Decree on behalf of Wal-Mart, using the fax number and address shown below, and,

b. afford Wal-Mart forty-five (45) business days, after service of notice to remedy the non-compliance.

11. If Wal-Mart has not remedied the alleged non-compliance within forty-five (45) business days, the EEOC may petition the Court to enforce the terms of this Consent Decree at any time during which this Court maintains jurisdiction over this action.

12. In the event the Court finds that Wal-Mart has violated this Consent Decree, the Court may order appropriate relief to remedy the non-compliance, including attorneys' fees, daily fines, and

appropriate injunctive relief.

13. The parties shall bear their respective attorneys' fees and costs incurred in this action up to the date of entry of this Consent Decree.

## VII. DURATION OF CONSENT DECREE

14. This Court shall retain jurisdiction of this action for a period of two (2) years after entry of the Consent Decree. This Consent Decree shall expire by its own terms at the end of two (2) years without further action by the parties.

ENTERED this 28th day of Dec 2001.

HONORABLE EDWARD C. PRADO
UNITED STATES DISTRICT JUDGE

APPROVED AND CONSENTED TO THIS 21st DAY OF DECEMBER, 2001:

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

ROBERT B. HARWIN
Regional Attorney
District of Columbia Bar No. 076083

JUDITH G. TAYLOR
Supervisory Trial Attorney

Texas Bar No. 19708300

*[signature]*

LETICIA DOMINGUEZ
Trial Attorney
Texas Bar No. 00795741

FRANCISCO X. DOMINGUEZ
Trial Attorney
Texas Bar No. 00795324

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
El Paso Area Office
4171 N. Mesa, Suite C-100
El Paso, Texas 79902
  Tel: (915) 832-4035
  Fax: (915) 832-4026

ATTORNEYS FOR PLAINTIFF

*[signature]*

Carlos Quinones, Esq.
Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, Arkansas 72716
(501) 273-4505 (telephone)
(501) 277-5991 (facsimile)

*[signature]*

GREGORY S. MUZINGO
Senior Corporate Litigation Counsel
Wal-Mart Stores, Inc.
702 S.W. 8th Street
Bentonville, Arkansas 72716
(501) 273-4505 (telephone)
(501) 277-5991 (facsimile)

DEC 28.01 15:17 No.006 P.09  ID: Judge/PRBDO

JUANITA C. HERNANDEZ
LAWRENCE D. SMITH

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART

1700 Frost Bank Tower
100 W. Houston Street
San Antonio, TX 78205
(210) 354-1300 (telephone)
(210) 277-2702 (facsimile)

ATTORNEYS FOR DEFENDANTS

DEC 28.01 15:17 No.006 P.10   ID:   Judge/PRBDD

### NOTICE OF NON-DISCRIMINATION

This Notice is being posted pursuant to a Consent Decree voluntarily entered into by Wal-Mart Stores, Inc. ("Wal-Mart") and the Equal Employment Opportunity Commission ("EEOC") in connection to the settlement in the case entitled <u>EEOC v. Wal-Mart Stores, Inc d/b/a Wal-Mart Distribution Center #6012, Wal Mart Stores, Inc.</u>, Civil Action No. EP-01-CA-0188-EP.

The EEOC lawsuit alleged that Wal-Mart violated the Americans With Disabilities Act ("ADA") by failing to hire a job applicant, because of that job applicant's disability.

Under the terms of the Consent Decree, Wal-Mart has agreed to:

1. Not engage in any employment practice which violates the ADA;
2. Not retaliate against any person who exercises his or her rights under the ADA;
3. Make monetary payment to the affected job applicant;
4. Provide training to all managers and supervisors and people involved in hiring committees concerning the requirements of the ADA;
5. Revise ADA Policies and Procedures; and,
6. Post this Notice.

Federal law prohibits covered employers from discriminating against any employee or applicant for employment on the basis of disability, sex, race, color, national origin, or age, and from retaliation. Should you have any complaints of discrimination or retaliation, you can contact the EEOC. EEOC charges no fee for their services and has employees who speak languages other than English.

Dated:_____

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for two (2) years from the date shown above and must not be altered, defaced, or covered by any other material. Any questions concerning this Notice or compliance with its provisions may be directed to the U.S. Equal Employment Opportunity Commission, 1-800-669-4000 or TTY 1-800-669-6820.

# EXHIBIT A